IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID PATTERSON**  **PLAINTIFF**
**ADC # 129780**

v.  NO: 4:21-CV-00665-LPR

**DOE,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff David Patterson is in custody at the Lincoln County Detention Center. On July 26, 2021 he filed a *pro se* Complaint under 42 U.S.C. § 1983 against Lincoln County Sheriff Lenard Hogg, Star City Chief of Police Cody Drake, Prosecuting Attorney Clent Todd, Judge Phillipe Green, and other unidentified individuals.[1] Mr. Patterson sued all Defendants in their personal and official capacities.[2] Mr. Patterson alleged he is illegally incarcerated.[3] He maintained he was never charged and, as such, cannot have a failure to appear warrant.[4] Mr. Patterson also filed an Application to Proceed Without Prepaying Fees or Costs, which was granted.[5]

On September 9, 2021 the Court screened Mr. Patterson's Complaint, as amended and supplemented, pursuant to the Prison Litigation Reform Act ("PLRA") and *in forma pauperis* statute.[6] The Court advised Mr. Patterson that his Complaint failed to state a claim on which

---

[1] Pl.'s Compl. (Doc. 1); Pl.'s Am. Compl. (Doc. 3); Pl.'s Supp. to Compl. (Doc. 6).

[2] Pl.'s Am. Compl. (Doc. 3) at 2; Pl.'s Supp. to Compl. (Doc. 6) at 2.

[3] Pl.'s Compl. (Doc. 1) at 1.

[4] Pl.'s Compl. (Doc. 1); Pl.'s Am. Compl. (Doc. 3) at 4.

[5] Pl.'s IFP Application (Doc 8); Court's PLRA Screening Order (Doc. 9) at 2.

[6] Pl.'s Compl. (Doc. 1); Pl.'s Am. Compl. (Doc. 3); Pl.'s Supp. to Compl. (Doc. 6); Court's PLRA Screening Order (Doc. 9).

relief may be granted and gave him the opportunity to file a Second Amended Complaint.[7] Mr. Patterson has filed a Second Amended Complaint.[8] The Court will now continue screening Mr. Patterson's claims.

## II.     Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[9] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[10] A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[11]

## III.    Mr. Patterson's Claims

In his Second Amended Complaint, Mr. Patters sued Lincoln County Sheriff Lenard Hogg, Star City Chief of Police Cody Drake, Prosecuting Attorney Clent Todd.[12] Mr. Patterson

---

[7] 28 U.S.C. § 1915(b)(2).

[8] Pl.'s Second Am. Compl. (Doc. 10).

[9] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[10] *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[11] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[12] Pl.'s Second Am. Compl. (Doc. 10) at 1-2.

sued Defendants in their personal and official capacities.[13] He seeks damages.[14]

### A.   Official Capacity Claims

Upon initial screening, the Court explained to Mr. Patterson why his official capacity claims failed.[15]  In his Second Amended Complaint, Mr. Patterson again made official capacity claims.  But he has not claimed that any policy, practice, or custom was the driving force behind his alleged injury.  Accordingly, Mr. Patterson's official capacity claims against Sheriff Hogg and Chief Drake fail.  And Mr. Patterson's official capacity claims against Prosecuting Attorney Todd remain barred by Eleventh Amendment immunity.[16]

### B.   Personal Capacity Claims

Mr. Patterson brought suit under 42 U.S.C. § 1983.  To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.[17]  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."[18]  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

---

[13] *Id.* at 2. Mr. Patterson clarified that he "will dismiss [his] case on [Judges] Green + Guynn." *Id.* at 6. Judge Guynn was not named as a Defendant in Mr. Patterson's initial pleadings.  Mr. Patterson did make allegations against Judge Guynn in his Second Amended Complaint.  Because Mr. Patterson represented that he does not wish to continue with those claims, the Court will not address allegations made by Mr. Patterson in his Second Amended Complaint against Judge Guynn.  Mr. Patterson also made allegations against Cindy Glover in his Second Amended Complaint, but Mr. Patterson did not name her as a Defendant.  In giving Mr. Patterson the opportunity to file a Second Amended Complaint, the Court specifically explained to Mr. Patterson that any second amended complaint should "name as a defendant each person he believes violated his rights and whom he wishes to sue in this case . . . ."  Court's PLRA Screening Order (Doc. 9) at 6.  Because Mr. Patterson did not name Ms. Glover as a Defendant, the Court considers any allegations against her in Mr. Patterson's Second Amended Complaint as background information only.

[14] *Id.* at 7.

[15] Court's PLRA Screening Order (Doc. 9) at 3-4.

[16] *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

[17] *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).

[18] *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Government-official defendant, through the official's own individual actions, has violated the Constitution."[19]  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[20]  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.[21]

        **1.**     **Prosecuting Attorney Todd**

According to Mr. Patterson, he was picked up for possession of methamphetamine on June 4, 2021.[22]  Mr. Patterson claims "it never happen[ed].  They [made] it up to help hold me here."[23]  Mr. Patterson alleges it is because of Prosecuting Attorney Todd that "everybody is send[ing] false warrant[s] that never happen[ed] or took place . . . ."[24]  Mr. Patterson further alleges Prosecuting Attorney Todd "assist[ed] a false warrant being served on [him] for 6-4-21 as well as the FTAs, 3 of them."[25]

Mr. Patterson does not allege Prosecuting Attorney Todd had any involvement in obtaining any warrant.  He does not allege Mr. Todd provided false information in an affidavit of support, or otherwise.  And Mr. Patterson does not allege Prosecuting Attorney Todd knew any warrant was based on false information.  Further, Mr. Patterson does not challenge the warrant on its face.  Rather, Mr. Patterson's allegations against Prosecuting Attorney Todd focus on the service of the warrants.  "Prosecutors are absolutely immune from suits for damages arising out of their official

---

[19] *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[20] *Twombly*, 550 U.S. at 555.

[21] See *Iqbal*, 556 U.S. at 678.

[22] Pl.'s Second Am. Compl. (Doc. 10) at 4.

[23] *Id*.

[24] *Id*. at 5.

[25] *Id*.

duties in initiating and pursuing criminal prosecutions."[26]  Mr. Patterson's allegations against Prosecuting Attorney Todd involve Mr. Todd's prosecution of the criminal case against Mr. Patterson.[27]  To the extent Prosecuting Attorney Todd was involved in the warrants being served, absolute immunity applies to those claims.

### 2. Chief Drake

Mr. Patterson's allegations against Chief Drake are brief.[28]  Mr. Patterson alleges only that Chief Drake "had a warrant served on [Mr. Patterson] while [he was] in jail."[29]  Mr. Patterson does not allege Chief Drake was involved in securing the warrant.  Mr. Patterson also does not challenge the validity of the warrant on its face.  Without more, Mr. Patterson's allegation against Chief Drake does not rise to the level of a constitutional violation.

### 3. Sheriff Hogg

Mr. Patterson explained that he is "suing Sheriff Hogg because [Sheriff Hogg] and his wife are going thr[ough] all [of Mr. Patterson's] letters (legal) going and coming."[30]  Not all mail pertaining to an inmate's legal matters is considered "legal mail" under the law.  Rather, the Court of Appeals for the Eighth Circuit has defined privileged legal mail as "mail to or from an inmate's attorney and identified as such."[31]  Mr. Patterson did not specify the type of mail Sheriff Hogg allegedly opened.  Mr. Patterson's legal mail claim fails for that reason alone.  Further, if Mr. Patterson intended to make an access to the courts claim, the claim also fails because Mr. Patterson

---

[26] *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (*citing Imbler v. Pachtman*, 424 U.S. 409 (1976)).

[27] *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266-67 (8th Cir. 1996) (and cases cited therein).

[28] *See Iqbal*, 556 U.S. at 678.

[29] Pl.'s Second Am. Compl. (Doc. 10) at 4.

[30] *Id*. at 4.

[31] *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037  (8th Cir. 2012) (citing *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

5

did not plead actual injury.[32] And to the extent Mr. Patterson alleged violation of his Sixth Amendment right to counsel, Mr. Patterson's claim also fails because he has not explained how he was substantially prejudiced by any alleged government interference.[33]

### 4. Doe Defendants

Lastly, Mr. Patterson did not make any specific allegations against a Doe Defendant. To the extent Mr. Patterson intended to bring claims against an unidentified individual(s), those claims fail.

Mr. Patterson failed to state a claim on which relief may be granted against any Defendant in his personal or official capacity. Accordingly, Mr. Patterson's Second Amended Complaint will be dismissed without prejudice.

## V. Conclusion

It is, therefore, ORDERED that:

1. Mr. Patterson's Second Amended Complaint (Doc. 10) is DISMISSED without prejudice for failure to state a claim on which relief may granted.

2. To the extent Mr. Patterson alleges any state law malicious prosecution claim, the Court declines to exercise jurisdiction over that claim. 28 U.S.C. § 1367(c)(3).

3. This dismissal Counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. Mr. Patterson's motion for a status update (Doc. 12) is granted. The Clerk is directed to send Mr. Patterson an updated docket sheet.

---

[32] *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008).

[33] *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977).

    5.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 8th day of November 2021.

                                                                 _____
                                                                  LEE P. RUDOFSKY
                                                                  UNITED STATES DISTRICT JUDGE